DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

In Re Miguel A. Parrilla )
)   Misc. No. 2017-001
)   Petit Jury No. 1:16-003
)
)

## ORDER OF CONTEMPT

THIS MATTER comes before the Court on the Order to Show Cause, issued on January 27, 2017, ordering Miguel A. Parrilla to appear before the undersigned Chief Judge on February 1, 2017 to explain his in-court behavior and comments during the jury selection process in the matter of *Glazier v. Fox*, Civil Action No. 2014-106.

On Monday, January 23, 2017, the Court held jury selection in the trial of the aforementioned matter. When Mr. Parrilla—who was in the pool of prospective jurors—was selected to serve as a juror, he became petulant and exclaimed loudly in the presence of the undersigned judge, court staff, the parties, counsel, and all of the prospective jurors: "You all got to send marshal for me." Mr. Parrilla's contemptuous outburst, attendant grumbling, and disrespectful body language served to disrupt the proceedings, as he could be heard and observed by others in the courtroom, including the other members of the jury panel. Based on Mr. Parrilla's comments and body language, Plaintiff immediately requested a sidebar and moved to excuse Mr. Parrilla from the jury for cause. After a brief discussion with counsel for the parties, the Court decided to excuse Mr. Parrilla from the jury, admonish him for his conduct, and replace him with a new juror.

Following the sidebar conference between the Court and counsel, the Court admonished Mr. Parrilla for his inappropriate conduct, excused him from the jury, and advised him that he would be required to return to Court to explain why he should not be sanctioned for his conduct.

While the Court was admonishing Mr. Parrilla, he continued to exhibit disrespectful body language by looking around the courtroom instead of at the undersigned judge. When the undersigned judge instructed Mr. Parrilla to look at her and asked, "[d]id you hear me?" Mr. Parrilla responded: "Yes, I'm hearing you. God give me ears. I can listen." After the Court finished admonishing Mr. Parrilla and directed him to exit the jury box and have a seat in the courtroom, he responded: "Thank you very much. I not losing my car for all you." The undersigned judge, who heard Mr. Parrilla continue to grumble as he left the jury box, but was unable to hear exactly what he was saying, asked him if he had something else to say. He responded that he did not.[1]

The Court held a hearing on February 1, 2017, at which Mr. Parrilla was provided the opportunity to explain why the Court should not sanction him for his conduct during the jury selection on January 23, 2017.[2] Mr. Parrilla stated that he was under a great deal of financial stress and was concerned that he would lose income from work if he was required to serve on the jury. Mr. Parrilla further stated that because of this concern, when he was selected to serve on the jury he acted out, hoping that his conduct would result in his removal from the jury. In other words, his outburst was designed to avoid jury service. Based on the colloquy at the hearing and the entire record in this matter, the Court finds that Mr. Parrilla failed to provide any reason for the Court to excuse his conduct.[3]

---

[1] In conformity with Rule 42(b) of the Federal Rules of Criminal Procedure, the undersigned hereby certifies that Mr. Parrilla's conduct described herein was committed in my presence in open court and was seen and/or heard by me.

[2] This summary contempt proceeding was conducted on February 1, 2017, because the undersigned judge was the presiding judge in the case of *Glazier v. Fox*, from January 23, 2017 through January 27, 2017; in a previously-scheduled evidentiary hearing in the morning and early afternoon of January 30, 2017; and off-island from the afternoon of January 30, 2017, through the afternoon of January 31, 2017. The sanction is therefore being imposed as early as practicable following the incident on January 23, 2017.

[3] At the conclusion of the February 1 hearing, the Court ruled from the bench and imposed the

Mr. Parrilla's words and actions during jury selection on January 23, 2017 justify a finding of criminal contempt, because they constituted an intentional and inappropriate challenge to this Court's authority to seat him as a juror and occurred in open court. *See Pennsylvania v. Local Union 542, Int'l Union of Operating Engineers*, 552 F.2d 498, 510 (3d Cir. 1977) (holding that a counsel's behavior "embodie[d] all of the elements necessary to support a summary criminal contempt conviction" where the counsel's behavior "was intentional, constituted misbehavior which caused an actual obstruction of the administration of justice, and occurred within the presence of the court"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821))) (quotations omitted); *see also Marshak v. Treadwell*, 595 F.3d 478, 492 (3d Cir. 2009) (noting the ability of district courts to impose punishment summarily where "the contempt is committed in open court and tends to demoralize the court's authority" (quoting *In re Grand Jury Proceedings*, 795 F.2d 226, 234 (1st Cir. 1986))) (quotations omitted). Mr. Parrilla's inappropriate outburst in response to being selected for the jury required the Court to interrupt the normal jury selection process to address Mr. Parrilla's disruptive behavior. This obstruction of the administration of justice was exacerbated by the disrespect that Mr. Parrilla displayed during and immediately after the Court's admonishment, which tended to "demoralize the court's authority." *Marshak*, 595 F.3d at 492. Further, at the hearing on February 1, Mr. Parrilla acknowledged that his misbehavior was intentional in that the outburst was designed to avoid jury service.

---

sanctions that are memorialized herein.

In this regard, the Court finds the case of *In re Jaye*, 90 F.R.D. 351 (E.D. Wis. 1981) to be analogous. The district court in *In re Jaye* found that a prospective juror committed criminal contempt where, after being instructed to sit in the jury box, the prospective juror expressed his refusal and turned around and walked to the rear exit of the courtroom. *Id.* at 351. Pursuant to Rule 42 of the Federal Rules of Criminal Procedure, the district court summarily sanctioned the prospective juror to 48 hours confinement. *Id.* In its written opinion, the district court reasoned as follows: "[The prospective juror's] conduct constituted aggressive, willful, contumacious behavior which cannot be countenanced. Such conduct, if tolerated, would represent a serious threat to the administration of justice. [The prospective juror's] acts of contempt were committed in my immediate presence and in the open courtroom." *Id.* at 351-52.

As in *In re Jaye*, Mr. Parrilla's contumacious challenge to serving as a juror, which occurred in open court in the presence of all of the other prospective jurors, cannot be tolerated as it would threaten the administration of justice if not promptly addressed. The Court's immediate, open-court admonishment of Mr. Parrilla, which included the Court's reference to sanctions for his conduct, and the sanctions memorialized herein, are necessary to send a clear message to Mr. Parrilla and all other prospective jurors that such conduct is inappropriate, unacceptable, and will be subject to sanctions.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Miguel A. Parrilla shall complete **40 hours** of community service with the National Park Service by **June 5, 2017**; and it is further

**ORDERED** that Miguel A. Parrilla shall record the specific hours that the community service is performed on the attached timesheet, and shall submit the signed timesheet to the Clerk's Office, District Court of the Virgin Islands, Division of St. Croix, by **June 7, 2017**; and it is further

**ORDERED** that at Mr. Parrilla's next appearance for jury service for this Court, he shall—at the direction of the Court—publicly apologize to the Court and the assembled jury panel for his inappropriate behavior and explain to the jury panel the sanctions he received for his conduct; and it is further

**ORDERED** that any requests for an extension of any of the deadlines in this Order must be submitted to the Court in writing in advance of the deadline sought to be extended, and will be granted by the Court only upon a showing of good cause.

**Failure to comply with the requirements of this Order may result in an additional finding of contempt of court and the imposition of additional sanctions by the Court.**

**SO ORDERED.**

Date: February 3, 2017

_____
WILMA A. LEWIS
Chief Judge

5